```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


James H. Treesh,                  :

        Plaintiff,                :

     v.                           :     Case No. 2:13-cv-834

                                  :     JUDGE GREGORY L. FROST
Robert Watson, et al.,                  Magistrate Judge Kemp

        Defendants.               :
```

REPORT AND RECOMMENDATION

On September 20, 2013, the Court granted the motion for leave to proceed in forma pauperis filed by plaintiff James H. Treesh.  In its order, the Court noted that it would conduct an initial screening of the complaint under 28 U.S.C. §1915A and §1997e as soon as practicable to determine whether any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the complaint seeks monetary relief from a defendant who is immune from such relief.

By separate order issued that same day, the Court concluded that it was unable to screen the complaint as submitted.  The Court explained the basis for its conclusion as follows:

> Mr. Treesh's complaint, including attachments, is 426 pages in length.  The complaint itself is 187 single-spaced, hand-written pages.  The attachments include a 36-page memorandum in support.  The complaint contains no paragraphs or subheadings addressed to the parties, facts, or causes of action.  It names five individuals as defendants in the caption including Robert Watson, Dan Alexander, Tracy Williams, Garry Pirtle, and Dr. Berronis, although the body of the complaint indicates that numerous other individuals or governmental entities are intended as defendants.  The complaint indicates that Mr. Treesh intends to proceed under 42 U.S.C. §1985 based on his belief that the defendants have conspired to violate his due process rights.  Taken as a whole, however, the complaint

> fairly can be characterized as a stream of
> consciousness recitation of unrelated events, filled
> with multiple digressions, and covering a multi-year
> time period from the 1980's through 2013.
> ...
> Mr. Treesh's complaint contains too much detail
> and extraneous information to comply with Rule 8.
> Further, as noted, the complaint is not set forth in an
> organized fashion as required by Rule 10.  In light of
> this, and because it is not the role of the court "to
> guess at the nature of the claim asserted," Wells,
> supra, at 594, the Court will not undertake a screening
> of the complaint at this time.

The Court directed Mr. Treesh to file an amended complaint which contains a short and plain statement of his claims set forth in a manner consistent with Fed.R.Civ.P. 8(a) and 10(b). Further, the Court specifically advised Mr. Treesh that his failure to do so would result in the recommended dismissal of this action.

Following an extension of time, Mr. Treesh filed a document with the Court captioned as a "MOTION to Add Information, Facts, Cause of action, or change venue." (Doc. 22).  This document, totaling three pages in length, appears to be intended to set forth additional allegations against defendant Robert Watson. Mr. Treesh also makes some mention of intending to reduce the time period at issue in his complaint to include only the time between August 2, 1998 and the time his oldest son was crippled.

Mr. Treesh's motion does not comply with the Court's order directing the filing of an amended complaint.  Because Mr. Treesh has not filed an amended complaint as directed, the Court remains unable to screen the complaint as submitted for the reasons explained above.  Consequently, the Court will recommend dismissal of the complaint for Mr. Treesh's failure to file an amended complaint as directed by the Court.  Additionally, the Court will recommend that all pending motions be denied as moot.

<u>Recommendation</u>

For the foregoing reasons, the Court recommends that this case be dismissed without prejudice for failure to file an amended complaint as directed by the Court. It is further recommended that all pending motions be denied as moot. Should this recommendation be adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order should be mailed to the defendants.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge